IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-445-FL

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br>  Plaintiff<br><br>v.<br><br>CHEROKEE GIVES BACK FOUNDATION; THOMAS F. DARDEN II; THOMAS F. DARDEN III; SLOCUM H. FOGLEMAN III a/k/a S. H. "JIM" FOGLEMAN; SAMUEL W. WHITT; MAURICE J. COLEMAN; LATOYA KING a/k/a LATOYA GODLEY and RSUI INDEMNITY COMPANY,<br>  Defendants | **ORDER ON DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO DESIGNATE COMPLAINT AS FILED UNDER SEAL** |

This matter is before the Court on Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman and Latoya King's (collectively, "Defendants") Unopposed Motion for Leave to Designate Complaint as Filed Under Seal (the "Motion"). For the reasons stated herein, pursuant to this Court's authority under Local Rule 79.2, the Court finds that he Motion should be granted.

### **DISCUSSION**

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Rule 79.2. Local Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy

Manual"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

    (i)    the exact document or item, or portions thereof, for which filing under seal is requested;
    (ii)    how such request to seal overcomes the common law or the First Amendment presumption to access;
    (iii)    the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
    (iv)    the reasons why alternatives to sealing are inadequate; and
    (v)    whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendants have met the requirements set forth in the Policy Manual, and that the Complaint and Exhibits C, D, and E to the Complaint should be held under seal.

Defendants' Motion to Seal overcomes the common law and First Amendment presumptions to access because the filed materials contain confidential and sensitive business information. Furthermore, the filed materials consist of information exchanged between the parties in a private mediated settlement conference and are subject to a July 14, 2017 Confidentiality Agreement.

The material to be sealed is the Complaint and Exhibits C, D, and E thereto.

There is no alternative to sealing the documents in question, as the documents themselves contain the information harmful to Defendants. However, to allow access to the non-confidential information in the Complaint, Plaintiff shall file an appropriately redacted version of the Complaint redacting all non-public information.

While Plaintiff does not consent to the recitation of any facts in Defendants' Motion, Plaintiff does not oppose the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that the Complaint and Exhibits C, D, and E to the Complaint shall be filed under SEAL with this Court.

Accordingly, Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman and Latoya King's Unopposed Motion for Leave to Designate Complaint as Filed Under Seal is GRANTED, and it is hereby ORDERED that the Complaint and Exhibits C, D, and E be filed under seal and Plaintiff shall have ten (10) days to file a redacted version of the Complaint.

SO ORDERED, this the 6th day of November, 2019.

_____
Louise W. Flanagan
United States District Judge