IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-445-FL

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) | |
| Plaintiff | ) ) | **ORDER ON DEFENDANTS CHEROKEE GIVES BACK FOUNDATION, THOMAS F. DARDEN II, THOMAS F. DARDEN III, SLOCUM H. FOGLEMAN III, SAMUEL W. WHITT, MAURICE J. COLEMAN, AND LATOYA KING'S UNOPPOSED MOTION FOR LEAVE TO DESIGNATE DOCUMENTS AS FILED UNDER SEAL** |
| v. | ) ) | |
| CHEROKEE GIVES BACK FOUNDATION; THOMAS F. DARDEN II; THOMAS F. DARDEN III; SLOCUM H. FOGLEMAN III a/k/a S. H. "JIM" FOGLEMAN; SAMUEL W. WHITT; MAURICE J. COLEMAN; LATOYA KING a/k/a LATOYA GODLEY and RSUI INDEMNITY COMPANY, | ) ) ) ) ) ) ) ) ) | |
| Defendants | ) | |

This matter is before the Court on Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's (collectively, "Defendants") Unopposed Motion for Leave to Designate Documents as Filed Under Seal (the "Motion"). For the reasons stated herein, pursuant to this Court's authority under Local Rule 79.2, the Court finds that the Motion should be granted.

## **DISCUSSION**

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Rule 79.2. Local Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy

Manual"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

    (i)    the exact document or item, or portions thereof, for which filing under seal is requested;
    (ii)    how such request to seal overcomes the common law or the First Amendment presumption to access;
    (iii)    the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
    (iv)    the reasons why alternatives to sealing are inadequate; and
    (v)    whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendants have met the requirements set forth in the Policy Manual, and that Exhibits F and I to the Complaint, the Memorandum filed in support of their initial Motion to Seal, (D.E. # 23), including Exhibit 2, (D.E. # 23-2), and the Memorandum in support of this Motion to Seal, (D.E. # 41), should be held under seal.

Defendants' Motion to Seal overcomes the common law and First Amendment presumptions to access because Exhibit F, the Memoranda, and Exhibit 2 contain confidential and sensitive business information. Specifically, Exhibits F and I include confidential information exchanged between the parties as part of a private mediated settlement conference. The Memoranda summarize the nature of the private mediation while describing the confidential information that was the subject of the mediation and protected by a July 14, 2017 Confidentiality Agreement. The

2

Confidentiality Agreement was filed as Exhibit 2 to the October 15, 2019 Memorandum and likewise refers to the confidential matters the Confidentiality Agreement seeks to protect.

The materials to be sealed are Exhibit F to the Complaint, (D.E. #1-8), Exhibit I to the Complaint, (D.E. # 38), Defendants' initial Memorandum filed in support of Motion to Seal on October 15, 2019, (D.E. #23), including the Confidentiality Agreement filed as Exhibit 2, (D.E. #23-2), and the Memorandum filed in support of this Motion, (D.E. #41).

There is no alternative to sealing the documents in question, as the documents themselves contain the information harmful to Defendants. The references to confidential information in the Memoranda are so numerous that it would be impractical to file redacted versions of those documents. However, the references to confidential information in the Confidentiality Agreement filed as Exhibit 2 are more limited and therefore redaction is practical here. To allow access to the non-confidential information in Exhibit 2, Defendants shall file an appropriately redacted version of Exhibit 2 redacting all non-public information. The references to confidential information in Exhibits F and I are more limited and therefore redaction is practical here as well. However, Plaintiff has already filed appropriately redacted versions of Exhibit F, (D.E. # 33), and Exhibit I, (D.E. #39). Therefore it is only necessary to seal the public version of Exhibit F, (D.E. #1-8), and permanently seal the provisionally sealed Exhibit I, (D.E. #38).

While Plaintiff does not consent to the recitation of any facts in Defendants' Motion, Plaintiff does not oppose the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that Exhibits F and I to the Complaint, Defendants' October 15, 2019 Memorandum in support of Motion to Seal, including the Confidentiality Agreement filed as Exhibit 2, and the Memorandum filed in support of this Motion shall be filed under SEAL with this Court.

Accordingly, Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's Unopposed Motion for Leave to Designate Documents as Filed Under Seal is GRANTED, and it is hereby ORDERED that Exhibits F and I to the Complaint, Defendants' October 15, 2019 Memorandum in support of Motion to Seal, including Exhibit 2, and the Memorandum in support of this Motion be filed under seal, and Defendants shall have ten (10) days to file a redacted version of Exhibit 2.

SO ORDERED, this the 10th day of March, 2020.

_____
Louise W. Flanagan
United States District Judge

4