IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-445-FL

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, <br> Plaintiff <br><br> v. <br><br> CHEROKEE GIVES BACK FOUNDATION; THOMAS F. DARDEN II; THOMAS F. DARDEN III; SLOCUM H. FOGLEMAN III a/k/a S. H. "JIM" FOGLEMAN; SAMUEL W. WHITT; MAURICE J. COLEMAN; LATOYA KING a/k/a LATOYA GODLEY; and RSUI INDEMNITY COMPANY, <br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER ON DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO SEAL DOCUMENTS** |

This matter is before the Court on Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's (collectively, "Defendants") Unopposed Motion for Leave to Seal Documents (the "Motion"). For the reasons stated herein, pursuant to this Court's authority under Local Rule 79.2, the Court finds that the Motion should be granted.

**DISCUSSION**

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Rule 79.2. Local Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

(i) the exact document or item, or portions thereof, for which filing under seal is requested;
(ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
(iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
(iv) the reasons why alternatives to sealing are inadequate; and
(v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendants have met the requirements set forth in the Policy Manual, and that Plaintiff's Response in Opposition to Defendant RSUI Indemnity Company's Motion to Dismiss and Exhibit 1 attached thereto (collectively, "Philadelphia's Opposition"), (D.E. 49), and the Memorandum in support of this Motion to Seal should be held under seal.

Defendants' Motion to Seal overcomes the common law and First Amendment presumptions to access because Philadelphia's Opposition and the Memorandum contain confidential, non-public, and sensitive business information. Specifically, the documents contain information exchanged between parties as part of a private mediated settlement conference, including confidential requests for insurance coverage, which are all subject to a Confidentiality Agreement. They further summarize the nature of the dispute that was subject to the mediation while describing confidential information protected by the same Confidentiality Agreement.

The materials to be sealed are Philadelphia's Opposition, Exhibit 1 attached thereto, and the Memorandum filed in support of this Motion.

There is no alternative to sealing the documents in question, as the documents themselves contain the information harmful to Defendants. The references to confidential information in the Memorandum and Exhibit 1 attached to Philadelphia's Opposition are so numerous that it would be impractical to file redacted versions of those documents. However, the references to confidential information in Philadelphia's Opposition are more limited and therefore redaction is practical here. To allow access to the non-confidential information in Philadelphia's Opposition, Philadelphia shall file an appropriately redacted version of that document that redacts all non-public information.

While Plaintiff does not consent to the recitation of any facts in Defendants' Motion, Plaintiff does not oppose the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that Philadelphia's Opposition, Exhibit 1 attached thereto, and the Memorandum filed in support of this Motion shall be filed under SEAL with this Court.

Accordingly, Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's Unopposed Motion for Leave to Designate Documents as Filed Under Seal is GRANTED, and it is hereby ORDERED that Philadelphia's Opposition, Exhibit 1 attached thereto, and the Memorandum in

support of this Motion be filed under seal. Plaintiff shall have ten (10) days to file a redacted version of its Opposition (D.E. 49).

SO ORDERED, this the 10th day of March, 2020.

_____
Louise W. Flanagan
United States District Judge