IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-445-FL

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, ) ) ) Plaintiff, ) ) ) v. ) ) ) CHEROKEE GIVES BACK ) FOUNDATION; THOMAS F. DARDEN II; ) THOMAS F. DARDEN III; SLOCUM H. ) FOGLEMAN III a/k/a S. H. "JIM" ) FOGLEMAN; SAMUEL W. WHITT; ) MAURICE J. COLEMAN; LATOYA ) KING a/k/a LATOYA GODLEY; and RSUI ) INDEMNITY COMPANY, ) ) ) Defendants. ) | **ORDER ON DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |

This matter is before the Court on Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's (collectively, "Defendants") Unopposed Motion for Leave to File Documents Under Seal (the "Motion"). For the reasons stated herein, pursuant to this Court's authority under Local Rule 79.2, the Court finds that the Motion should be granted.

**DISCUSSION**

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Rule 79.2. Local Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
> (iv) the reasons why alternatives to sealing are inadequate; and
> (v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendants have met the requirements set forth in the Policy Manual, and that Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Judgment on the Pleadings ("Defendants' Opposition") should be held under seal.

The Motion overcomes the common law and First Amendment presumptions to access because Defendants' Opposition contains confidential, non-public, and sensitive business information. Specifically, the document contains information exchanged between the parties as part of a privately mediated settlement conference, including confidential requests for insurance coverage, which are all subject to a Confidentiality Agreement. It further summarizes the nature of the dispute that was subject to the mediation while describing confidential information protected by the same Confidentiality Agreement.

The material to be sealed is Defendants' Opposition.

There is no alternative to sealing the document in question, as the document itself contains the information harmful to Defendants. However, the references to confidential information in Defendants' Opposition are somewhat limited and therefore redaction is practical here. To allow access to the non-confidential information in Defendants' Opposition, Defendants shall file an appropriately redacted version of that document that redacts all non-public information.

While Plaintiff does not consent to the recitation of any facts in Defendants' Motion, Plaintiff does not oppose the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that Defendants' Opposition shall be filed under SEAL with this Court.

Accordingly, Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's Unopposed Motion for Leave to File Documents Under Seal is GRANTED, and it is hereby ORDERED that Defendants' Opposition be filed under seal. Defendants shall have ten (10) days to file a redacted version of their Opposition.

SO ORDERED, this the 9th day of April, 2020.

_____
Louise W. Flanagan
United States District Judge