IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-445-FL

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CHEROKEE GIVES BACK FOUNDATION; THOMAS F. DARDEN II; THOMAS F. DARDEN III; SLOCUM H. FOGLEMAN III a/k/a S. H. "JIM" FOGLEMAN; SAMUEL W. WHITT; MAURICE J. COLEMAN; LATOYA KING a/k/a LATOYA GODLEY; and RSUI INDEMNITY COMPANY, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO SEAL**

This matter is before the Court on Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's (collectively, "Defendants") Unopposed Motion for Leave to Seal Plaintiff's Memorandum in Opposition to Defendants' Motion for Clarification (the "Memorandum") (D.E. 189) and the Memorandum in Support of Defendants' Motion to Seal. For the reasons stated herein, pursuant to this Court's authority under Local Rule 79.2, the Court finds that the Motion to Seal should be granted.

**DISCUSSION**

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Rule 79.2. Local Rule 79.2 references Section V.G. of the Electronic Case Filing

Administrative Policies and Procedures Manual ("Policy Manual").  That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
> (iv) the reasons why alternatives to sealing are inadequate; and
> (v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendants have met the requirements set forth in the Policy Manual, and that the Memorandum should be held under seal.

The Memorandum overcomes the common law and First Amendment presumptions to access because it contains confidential, non-public, and sensitive business information. Specifically, the document contains information exchanged between the parties as part of confidential requests for insurance coverage, which are subject to confidentiality agreements.

The material to be sealed is Plaintiff's Memorandum in Opposition to Defendants' Motion for Clarification (D.E. 189) and the Memorandum in Support of Defendants' Motion to Seal.

The references to confidential information in the Memorandum are limited and therefore redaction is practical here.  To allow access to the non-confidential information in the Memorandum, Plaintiff shall file an appropriately redacted version of that document that redacts all non-public information.  The Memorandum in Support of Defendants' Motion to Seal should be sealed in its entirety.

Philadelphia does not oppose the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that Plaintiff's Memorandum in Opposition to Defendants' Motion for Clarification (D.E. 189) and the Memorandum in Support of Defendants' Motion to Seal shall be filed under SEAL with this Court.

Accordingly, Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's Unopposed Motion for Leave to Seal is GRANTED. Plaintiff shall have ten (10) days to file a redacted version of their Memorandum.

SO ORDERED, this the 26 day of March, 2021.

*Louise W. Flanagan*
Louise W. Flanagan
United States District Judge