IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-445-FL

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE GIVES BACK FOUNDATION; THOMAS F. DARDEN II; THOMAS F. DARDEN III; SLOCUM H. FOGLEMAN III a/k/a S. H. "JIM" FOGLEMAN; SAMUEL W. WHITT; MAURICE J. COLEMAN; LATOYA KING a/k/a LATOYA GODLEY; and RSUI INDEMNITY COMPANY, )<br>)<br>Defendants. ) | **ORDER ON DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO DESIGNATE DOCUMENT(S) AS FILED UNDER SEAL** |

This matter is before the Court on Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's (collectively, "Defendants") Unopposed Motion for Leave to Seal the Reply Memorandum in Support of Defendants' Motion for Clarification of the Court's August 26, 2020 Order and supporting documents (the "Memorandum") (D.E. 195) and the Memorandum in Support of Defendants' Motion to Seal. For the reasons stated herein, pursuant to this Court's authority under Local Civil Rule 79.2, the Court finds that the Motion to Seal should be granted.

**DISCUSSION**

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Civil Rule 79.2. Local Civil Rule 79.2 references Section V.G. of the Electronic Case

Filing Administrative Policies and Procedures Manual ("Policy Manual"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
> (iv) the reasons why alternatives to sealing are inadequate; and
> (v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendants have met the requirements set forth in the Policy Manual, and that the Memorandum should be held under seal.

The Memorandum overcomes the common law and First Amendment presumptions to access because it contains confidential, non-public, and sensitive business information. Specifically, the documents contain information exchanged between the parties as part of confidential requests for insurance coverage, which are subject to confidentiality agreements.

The material to be sealed is the Reply Memorandum in Support of Defendants' Motion for Clarification of the Court's August 26, 2020 Order and supporting documents (D.E. 195) and the Memorandum in Support of Defendants' Motion to Seal.

Philadelphia does not oppose the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that the Reply Memorandum in Support of Defendants' Motion for Clarification of the Court's August 26, 2020 Order and supporting documents (D.E. 195) and the Memorandum in Support of Defendants' Motion to Seal shall be filed under SEAL with this Court. Defendants shall have ten days to file a redacted versions of their memoranda and supporting documents.

SO ORDERED, this the 26th day of March, 2021.

                                                                      Louise W. Flanagan
                                                                      United States District Judge