IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.:  5:19-CV-445-FL

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER ON DEFENDANTS'** |
| CHEROKEE GIVES BACK | ) | **UNOPPOSED MOTION** |
| FOUNDATION; THOMAS F. DARDEN II; | ) | **FOR LEAVE TO DESIGNATE** |
| THOMAS F. DARDEN III; SLOCUM H. | ) | **DOCUMENT(S) AS FILED UNDER** |
| FOGLEMAN III a/k/a S. H. "JIM" | ) | **SEAL** |
| FOGLEMAN; SAMUEL W. WHITT; | ) | |
| MAURICE J. COLEMAN; LATOYA KING | ) | |
| a/k/a LATOYA GODLEY; and RSUI | ) | |
| INDEMNITY COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's (collectively, "Defendants") Unopposed Motion for Leave to Seal the Memorandum in Support of Defendants' Motion for Clarification (the "Memorandum") (D.E. 186) and the Memorandum in Support of Defendants' Motion to Seal. For the reasons stated herein, pursuant to this Court's authority under Local Rule 79.2, the Court finds that the Motion to Seal should be granted.

## DISCUSSION

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Rule 79.2. Local Rule 79.2 references Section V.G. of the Electronic Case Filing

Administrative Policies and Procedures Manual ("Policy Manual"). That Section requires that

all motions to seal be accompanied by a supporting memorandum that specifies the following:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
> (iv) the reasons why alternatives to sealing are inadequate; and
> (v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order

accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendants have met the requirements set

forth in the Policy Manual, and that the Motion should be held under seal.

The Motion overcomes the common law and First Amendment presumptions to access

because it contains confidential, non-public, and sensitive business information. Specifically, the

documents contain information exchanged between the parties as part of confidential requests for

insurance coverage, which are subject to confidentiality agreements.

The material to be sealed is the Memorandum in Support of Defendants' Motion for

Clarification (the "Memorandum") (D.E. 186) and the Memorandum in Support of Defendants'

Motion to Seal.

The references to confidential information in the Memorandum are limited and therefore

redaction is practical here. To allow access to the non-confidential information in the

Memorandum, Defendants shall file an appropriately redacted version of that document that

redacts all non-public information. Defendants' Memorandum should be sealed in its entirety.

Philadelphia does not oppose the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that the Memorandum in Support of Defendants' Motion for Clarification (D.E. 186) and the Memorandum in Support of Defendants' Motion to Seal shall be filed under SEAL with this Court.

Accordingly, Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's Unopposed Motion for Leave to Seal is GRANTED. Defendants shall have ten (10) days to file a redacted version of their Memorandum.

SO ORDERED, this the 10th day of ____August____, 2021.

_Louise W. Flanagan_

Louise W. Flanagan
United States District Judge