IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-445

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  v.<br><br>CHEROKEE GIVES BACK FOUNDATION, THOMAS F. DARDEN II, THOMAS F. DARDEN III, SLOCUM H. FOGLEMAN III a/k/a S. H. "JIM" FOGLEMAN, SAMUEL W. WHITT, MAURICE J. COLEMAN, LATOYA KING a/k/a LATOYA GODLEY, and RSUI INDEMNITY COMPANY,<br><br>        Defendants. | **ORDER ON PLAINTIFF'S UNOPPOSED MOTION TO SEAL** |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>    Counterclaim Defendant / Third-Party Plaintiff,<br><br>  v.<br><br>STEADFAST INSURANCE COMPANY,<br><br>    Third-Party Defendant. | |

    This matter is before the Court on Plaintiff Philadelphia Indemnity Insurance Company's ("**Philadelphia**") Unopposed Motion to Seal the Plaintiff's Reply Brief in Support of its Motion for Summary Judgment (the "**Reply Brief**"), and the Memorandum in Support of Plaintiff's Unopposed Motion to Seal. For the reasons stated herein, pursuant

to this Court's authority under Local Civil Rule 79.2, the Court finds that the Plaintiff's Unopposed Motion to Seal should be granted.

## DISCUSSION

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Civil Rule 79.2. Local Civil Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("**Policy Manual**"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

(i) the exact document or item, or portions thereof, for which filing under seal is requested;

(ii) how such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

(iv) the reasons why alternatives to sealing are inadequate; and

(v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G. designating these documents as sealed.

As set forth below, the Court determines that the Plaintiff has met the requirements set forth in the Policy Manual, and that the Reply Brief should be held under seal.

The Reply Brief overcomes the common law and First Amendment presumptions to access because it contains confidential, non-public, and sensitive business information. Specifically, the document references information exchanged between the parties as part of confidential requests for insurance coverage, which are subject to confidentiality agreements.

The material to be sealed is the Reply Brief in Support of Plaintiff Philadelphia Indemnity Insurance Company's Motion for Summary Judgment.

The references to confidential information in the Reply Brief are numerous and therefore redaction is impractical here. The Reply Brief should be sealed in its entirety.

The Defendants consent to the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that the Reply Brief in Support of Plaintiff Philadelphia Indemnity Insurance Company's Motion for Summary Judgment (DE 269), and the Memorandum in Support of Plaintiff's Motion to Seal (DE 270) shall be maintained under SEAL with this Court.

SO ORDERED, this the 29th day of March, 2022.

*Louise W. Flanagan*
Louise W. Flanagan
United States District Judge