IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-445-FL

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEROKEE GIVES BACK FOUNDATION; THOMAS F. DARDEN II; THOMAS F. DARDEN III; SLOCUM H. FOGLEMAN III a/k/a S. H. "JIM" FOGLEMAN; SAMUEL W. WHITT; MAURICE J. COLEMAN; LATOYA KING a/k/a LATOYA GODLEY; and RSUI INDEMNITY COMPANY, )<br>)<br>Defendants. ) | **ORDER ON DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO DESIGNATE DOCUMENT(S) AS FILED UNDER SEAL** |

This matter is before the Court on Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's (collectively, "Defendants") Unopposed Motion for Leave to Seal Defendants' Memorandum of Law in Support of Motion for Partial Summary Judgment and supporting documents, including Defendants' Local Civil Rule Statement of Material Facts and the Appendix thereto (collectively, the "Memorandum and Supporting Documents"), and the Memorandum in Support of Defendants' Motion to Seal. For the reasons stated herein, pursuant to this Court's authority under Local Civil Rule 79.2, the Court finds that the Motion to Seal should be granted.

# DISCUSSION

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Civil Rule 79.2. Local Civil Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
> (iv) the reasons why alternatives to sealing are inadequate; and
> (v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendants have met the requirements set forth in the Policy Manual, and that the Memorandum and Supporting Documents should be held under seal.

The Memorandum and Supporting Documents overcomes the common law and First Amendment presumptions to access because it contains confidential, non-public, and sensitive business information. Specifically, the documents contain information exchanged between the parties as part of confidential requests for insurance coverage, which are subject to confidentiality agreements.

The material to be sealed is Defendants' Memorandum in support of their Motion for Partial Summary Judgment, their Local Civil Rule 56.1 Statement of Material Facts and

Appendix thereto, and Exhibits 2, 3, 7, 10, 11, 15-47, and 49-55 to the Appendix, as well as the Memorandum in Support of Defendants' Motion to Seal.

Redaction is appropriate to remedy references to confidential information in Defendants' Memorandum and Supporting Documents. To allow access to the non-confidential information, Defendants shall file an appropriately redacted version of these documents redacting all non-public information.

Philadelphia does not oppose the relief sought. BASED UPON the foregoing, it is therefore ORDERED that the Defendants' Memorandum in support of their Motion for Partial Summary Judgment (DE 229), their Local Civil Rule 56.1 Statement of Material Facts (DE 223) and Appendix thereto, and Exhibits 2, 3, 7, 10, 11, 15-47, and 49-55 to the Appendix (DE 226, 227), as well as the Memorandum in Support of Defendants' Motion to Seal (DE 230) shall be maintained under SEAL with this Court, and it is hereby ORDERED that Defendants shall have ten (10) days to file a redacted version of the sealed materials.

SO ORDERED, this the 29th day of March, 2022.

Louise W. Flanagan
United States District Judge