IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-445

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>CHEROKEE GIVES BACK FOUNDATION, THOMAS F. DARDEN II, THOMAS F. DARDEN III, SLOCUM H. FOGLEMAN III a/k/a S. H. "JIM" FOGLEMAN, SAMUEL W. WHITT, MAURICE J. COLEMAN, LATOYA KING a/k/a LATOYA GODLEY, and RSUI INDEMNITY COMPANY,<br><br>        Defendants. | **ORDER ON PLAINTIFF'S UNOPPOSED MOTION TO SEAL** |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>    Counterclaim Defendant / Third-Party Plaintiff,<br><br>    v.<br><br>STEADFAST INSURANCE COMPANY,<br><br>    Third-Party Defendant. | |

    This matter is before the Court on Plaintiff Philadelphia Indemnity Insurance Company's ("**Philadelphia**") Unopposed Motion to Seal the Plaintiff's Motion for Summary Judgment, the Memorandum of Law in Support of Philadelphia Indemnity Insurance Company's Motion for Summary Judgment, Plaintiff's Local Civil Rule 56.1 Statement of Material Facts, and the Plaintiff's Appendix to Local Civil Rule 56.1 Statement of Material

Facts (the "**Summary Judgment Documents**"), and the Memorandum in Support of Plaintiff's Unopposed Motion to Seal. For the reasons stated herein, pursuant to this Court's authority under Local Civil Rule 79.2, the Court finds that the Plaintiff's Unopposed Motion to Seal should be granted in part.

## DISCUSSION

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Civil Rule 79.2. Local Civil Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("**Policy Manual**"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

   (i) the exact document or item, or portions thereof, for which filing under seal is requested;
   (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
   (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
   (iv) the reasons why alternatives to sealing are inadequate; and
   (v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G. designating these documents as sealed.

As set forth below, the Court determines that the Plaintiff has met the requirements set forth in the Policy Manual in part, and that some of the Summary Judgment Documents should be held under seal.

The Summary Judgment Documents, in part, overcome the common law and First Amendment presumptions to access because they contain confidential, non-public, and sensitive business information. Specifically, the documents contain information exchanged

between the parties as part of confidential requests for insurance coverage, which are subject to confidentiality agreements.

The material to be sealed is the Memorandum of Law in Support of Philadelphia Indemnity Insurance Company's Motion for Summary Judgment (DE 212), Plaintiff's Local Civil Rule 56.1 Statement of Material Facts (DE 213), and the Plaintiff's Appendix to Local Civil Rule 56.1 Statement of Material Facts (DE 218, 220, 224, 225), and the Memorandum in Support of Plaintiff's Motion to Seal (DE 233).

The references to confidential information in these documents are numerous and therefore redaction is impractical here. Those documents should be sealed in their entirety.

The Defendants consent to the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that the Memorandum of Law in Support of Philadelphia Indemnity Insurance Company's Motion for Summary Judgment (DE 212), Plaintiff's Local Civil Rule 56.1 Statement of Material Facts (DE 213), and the Plaintiff's Appendix to Local Civil Rule 56.1 Statement of Material Facts (DE 218, 220, 224, 225), and the Memorandum in Support of Plaintiff's Motion to Seal (DE 233) shall be maintained under SEAL with this Court.

SO ORDERED, this the 29th day of March, 2022.

_Louise W. Flanagan_
Louise W. Flanagan
United States District Judge