IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION FILE NO.: 5:19-CV-445-FL

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br>      Plaintiff,<br><br>      v.<br><br>CHEROKEE GIVES BACK FOUNDATION; THOMAS F. DARDEN II; THOMAS F. DARDEN III; SLOCUM H. FOGLEMAN III a/k/a S. H. "JIM" FOGLEMAN; SAMUEL W. WHITT; MAURICE J. COLEMAN; LATOYA KING a/k/a LATOYA GODLEY and RSUI INDEMNITY COMPANY,<br>      Defendants<br><br>And<br><br>PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br>      Counterclaim and<br>      Third-Party Plaintiff<br><br>      v.<br><br>STEADFAST INSURANCE COMPANY,<br>      Counterclaimant and<br>      Third-Party Defendant | **ORDER ON DEFENDANTS' CONSENT MOTIONS FOR LEAVE TO DESIGNATE DOCUMENTS AS FILED UNDER SEAL** |

This matter is before the Court on Defendants Cherokee Gives Back Foundation, Thomas F. Darden II, Thomas F. Darden III, Slocum H. Fogleman III, Samuel W. Whitt, Maurice J. Coleman, and Latoya King's (collectively, "Defendants") Unopposed Motions for Leave to Seal Parties' Joint Motion to Stay Proceedings ("Motion to Stay") and Memoradnum in Support of Defendants' Consent Motion for Leave to Seal. For the reasons stated herein,

pursuant to this Court's authority under Local Civil Rule 79.2, the Court finds that the Motions to Seal should be granted.

## DISCUSSION

A party may file a Motion to Seal with this Court pursuant to the requirements of Local Civil Rule 79.2. Local Civil Rule 79.2 references Section V.G. of the Electronic Case Filing Administrative Policies and Procedures Manual ("Policy Manual"). That Section requires that all motions to seal be accompanied by a supporting memorandum that specifies the following:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;
> (iv) the reasons why alternatives to sealing are inadequate; and
> (v) whether there is consent to the motion.

Section V.G., Policy Manual. The Policy Manual also requires that any proposed order accompanying a Motion to Seal set forth the findings required under Section V.G.

As set forth below, the Court determines that Defendants have met the requirements set forth in the Policy Manual, and that the Parties' Joint Motion to Stay Proceedings and Memorandum in Support of the Motion to Seal should be held under seal.

The Motion to Stay and Memorandum in Support of the Motion to Seal overcome the common law and First Amendment presumptions to access because it contains confidential, non-public, and sensitive business information. Specifically, the documents contain information exchanged between the parties as part of confidential communications regarding insurance coverage disputes, portions of which are also subject to confidentiality agreements.

The material to be sealed is the Parties' Joint Motion to Stay and the Memorandum in Support of the Motion to Seal.

There are no other appropriate remedies in this situation that offer feasible alternatives to sealing the documents, since the documents are relatively brief and reference confidential matters throughout.

All parties consent to the relief sought.

BASED UPON the foregoing, it is therefore ORDERED that the Motion to Stay as well as the Memorandum in Support of the Motion to Seal, shall be filed under SEAL with this Court.

SO ORDERED, this the 9th day of June, 2022.

Louise W. Flanagan
United States District Judge